Jeanne H. Rayphand
Northern Marianas Protection
 and Advocacy Systems, Inc.
P.O. Box 503529
Saipan, MP 96950
Tel: (670) 235-7273/7274
Fax: (670) 235-7275
email: jeannesq@yahoo.com

Attorney for Plaintiff

FILED
Clerk
District Court

AUG 25 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DENNIS CAMPBELL, | ) |
| | ) |
| Plaintiff, | )   COMPLAINT |
| | ) |
| v. | ) |
| | ) CV 17-00017 |
| IMPERIAL PACIFIC INTERNATIONAL | ) |
| (CNMI), LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

The plaintiff DENNIS CAMPBELL alleges as follows:

**I.**

**INTRODUCTION**

1. Plaintiff DENNIS CAMPBELL seeks to redress his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.

## II.

## JURISDICTION

2. This action is brought and jurisdiction lies pursuant to Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

3. This court has jurisdiction over this matter pursuant to Article IV § 402(a) of the COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS IN POLITICAL UNION WITH THE UNITED STATES OF AMERICA and 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 2201.

4. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. § 2000e-5(f), have occurred or been complied with.

    a. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

    b. A Notification of Right to Sue was received from the EEOC on or after May 31, 2017.

    c. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

5. All of the discriminatory employment practices alleged herein were committed within the Commonwealth of the Northern Mariana Islands.

## III.

## PARTIES

6. Plaintiff Dennis Campbell is a citizen of the United States and currently resides in the state of Tennessee in the United States.

7. Upon information and belief, defendant Imperial Pacific International (CNMI), LLC, is authorized to do business in the Commonwealth of the Northern Mariana Islands and its principal place of business is in Garapan, Saipan, Commonwealth of the Northern Mariana Islands..

8. Defendant Imperial Pacific International (CNMI), LLC, is a "covered entity" within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(2).

9. Defendant Imperial Pacific International (CNMI), LLC, is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(5), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10 Defendant Imperial Pacific International (CNMI), LLC, employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## IV.

## STATEMENT OF FACTS

11. On or about June 29, 2015, defendant offered plaintiff the position of Casino Table Dealer which plaintiff accepted on July 3, 2015.

12. On or about August 17, 2015, defendant promoted plaintiff to the position of Table Games Administrator.

13. On or about March 22, 2016, defendant transferred plaintiff from his position of

Table Games Administrator to the position of Table Games Supervisor.

14. In April 2016, when plaintiff told his supervisor and Vice President of Table Games Operations [hereinafter "Management"] that he was having difficulty standing and walking for long periods of time, Management informed plaintiff that, if plaintiff were having medical issues, FMLA would be his best course of action.

15. Management took no action to identify a reasonable accommodation or to engage in an interactive process to determine whether a reasonable accommodation could be provided.

16. On or about May 27, 2016, plaintiff went to defendant's Human Resources Department and requested reasonable accommodations because of disability; that is, because he was unable to stand or walk for long periods of time.

17. On or about May 27, 2016, defendant's Human Resources Department informed Management of plaintiff's request for a reasonable accommodation.

18. Upon information and belief, defendant's Human Resources Department met with Management to discuss the request.

19. On or about June 1, 2016, defendant's Human Resources Department sent an email to plaintiff stating that she understood plaintiff to request to be able to sit down while performing his duties and requesting defendant to provide the Human Resources Department with a doctor's recommendation for such an accommodation.

20. Plaintiff did not receive defendant's June 1, 2016, email because plaintiff had been blocked from and no longer had access to the company email address to which it was sent.

21. As a result of defendant's failure to provide a reasonable accommodation in order for plaintiff to perform the functions of his position as Table Games Supervisor, plaintiff's

situation became intolerable.

22  On June 3, 2016, as a result of defendant's failure to provide a reasonable accommodation in order for plaintiff to perform the functions of his position as Table Games Supervisor and defendant's failure to engage in an interactive process to determine whether a reasonable accommodation could be provided, plaintiff was compelled to resign his position effective June 17, 2016.

23. The acts of defendant in failing to provide a reasonable accommodation and in failing to engage in an interactive process as required by the Americans with Disabilities Act constituted a constructive discharge in violation of the Americans with Disabilities Act.

## V.

## CLAIM FOR RELIEF

## DISCRIMINATION ON THE BASIS OF DISABILITY

## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. On July 26, 1990, Congress enacted the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., establishing civil rights for persons with disabilities.

25. Title I of the ADA, 42 U.S.C. §§ 12111 et seq., prohibits discrimination on the basis of disability by an employer as defined by § 12111(5).

26. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other term, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

27. "Discrimination" includes:

    (A)  not making reasonable accommodations to the known physical

or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; . . . .

42 U.S.C. § 12112(b)(5).

28. Discrimination includes the failure to engage in an interactive process to identify potential reasonable accommodations that could overcome plaintiff's limitations.

29. At all relevant times herein, plaintiff has been a qualified individual with a disability within the meaning of the ADA, 42 USC § 12111(8).

30. More particularly, plaintiff has a physical impairment that substantially limits one or more of his major life activities, i.e. his ability to walk and stand, as defined in 42 USC § 12102(1)(a).

31. Plaintiff's disability and need for an accommodation were apparent and known to defendant because, among other things, plaintiff used a cane for walking and standing, was taking prescription medicines of which Management was aware, and he informed Management that he was having difficulty standing and walking for long periods of time.

32. Plaintiff is a qualified individual with a disability as that term is defined in ADA, 42 USC § 12111(8).

33. More specifically, plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job.

34. An accommodation would not impose an undue hardship on defendant and the operation of its business.

35. Defendant failed to make reasonable accommodation to plaintiff's known disability.

36. Defendant failed to undertake any good faith efforts, in consultation with plaintiff, to identify and make a reasonable accommodation with plaintiff.

37. As a result of defendant's failure to accommodate and failure to engage in an interactive process, defendant has discriminated against plaintiff on the basis of disability in violation of the Americans with Disabilities Act.

38. As a direct and proximate result of defendant's discrimination and constructive discharge, plaintiff has suffered lost wages and benefits.

39. As the direct and proximate result of defendant's acts of discrimination, plaintiff has suffered, and continues to suffer, emotional pain, inconvenience, mental anguish, and loss of enjoyment of life.

40. The acts of defendant in failing to make reasonable accommodation to plaintiff's physical disability, failing to engage in an interactive process, and constructive discharge of plaintiff constitute reckless acts of discrimination for which plaintiff is entitled to punitive damages.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1. For declaratory judgment that the defendant discriminated against plaintiff on the basis of disability by failing to provide reasonable accommodation and failing to engage in an interactive process as required by the Americans with Disabilities Act;

2. For declaratory judgment the defendant's failure to provide reasonable accommodation and failure to engage in an interactive process as required by the Americans with Disabilities Act constituted constructive discharge of plaintiff;

3. Order that plaintiff be awarded the back pay he would have earned with related monetary benefits and interest thereon had plaintiff not been constructively discharged on

June 17, 2016;

4. Award plaintiff compensatory damages in an amount to be determined at trial of this matter;

5. Award plaintiff punitive damages in an amount to be determined at trial of this matter.

6. Enjoin defendant from any further prohibited discrimination on the basis of disability and order defendant to provide training and education to defendant's officers, supervisors, and human resources personnel on anti-discrimination and the Americans with Disabilities Act;

7. For reasonable attorney's fees;

8. For costs of this action; and

9. For such other and further relief as the court deems just and proper.

Respectfully submitted,

NORTHERN MARIANAS PROTECTION &
ADVOCACY SYSTEMS, INC.

_____
JEANNE H. RAYPHAND
Attorney for Plaintiff